United States District Court
For the Eastern District of Michigan

12

1) Darrell Rashard Ewing 2) Lamont Lofton
3) Roderick Graham 4) Antoine Bowman
5) Janvante Wiley 6) Quenshawn Littlejohn
7) Leondius Kirksey 8) Cullen Clemons
9) Antonio Richards 10) Shandon Groom
11) Rackwon Fowler

Plaintiff(s)

Case: 2:22-cv-11453
Judge: Cox, Sean F.
MJ: Morris, Patricia T.
Filed: 06-23-2022 At 10:32 AM
PRIS EWING ET AL V. WASHINGTON ET AL (DA)

V.

Wayne County Sheriff,
Raphael Washington
Wayne County Chief of Jails And Courts
Robert Dunlap
Wayne County Jail
Commander Allen (First name unknown)

Defendants

Jury Trial Demand

## Civil Actions Complaint
### The parties, Jurisdiction and Venue

Now Comes, the Plaintiff(s), In Pro-se and files this Complaint Against the above listed Defendants(s)/Def's) for violating the 1st, 8th, and 14th Amendment Pursuant to 42 USC 2000cc Pursuant to 28 USC 1331, and states:

1) This Court has original federal question Jurisdiction over 1st, 8th, and 14th Amendment

①

of the U.S. Constitution claims, and Personal jurisdiction as the Def's conduct business in the State of Michigan (See 42 U.S.C 1983: 28 U.S.C §§ 133 and 1343.)

2.) Plaintiff claims for declaratory judgement is sought under 28 U.S.C §§ 2201 and 2202;

3.) Venue is proper under U.S.C § 1391 As to all Def's because they operate within the geographical boundaries of the State of Michigan and the substantial part of the Acts described herein Occurred within this district

Plaintiff's

4.) Plaintiff Darrell Ewing is an individual, and a detainee Currently housed in the Wayne County jail (inmate no 2021-00-3642) 42 U.S.C 1983 lawsuit

5.) Plaintiff Lamont Lofton, is an individual, and a detainee currently housed in the Wayne County jail. (inmate no 2019016272) He has filed Zero previous 42 US 1983 lawsuits.

6.) Plaintiff Roderick Graham, is an individual, and a detainee currently housed in the Wayne County jail (inmate no 2020011440 He has filed zero previous 42 USC 1983 lawsuits.

(2)

7) Plaintiff Antoine Bowman, is an individual, and a detainee currently housed in the Wayne County jail. (Inmate No. 2022-003427) He has filed zero previous 42 USC 1983 lawsuit.

8) Plaintiff Javantae Wiley, is an individual, and a detainee currently housed in the Wayne County jail. (Inmate No. 2020-00-0708) He has filed zero previous 48 USC 1983 lawsuit.

9) Plaintiffs Quenshawn Littlejohn, is an individual, and a detainee currently housed in the Wayne County jail (Inmate No. 2020-00-9013) He has filed zero previous 42 USC 1983 lawsuits.

10) Plaintiff, Leondius Kicksey, is an individual, and a detainee currently housed in the Wayne County jail (Inmate No 2021-004250). He has filed zero previous 42 USC 1983 lawsuits.

11) Plaintiff, Cullen Clemens, is an individual, and a detainee currently housed in Wayne County jail. (Inmate No. 2021-00168) He has filed zero previous 42 USC 1983 lawsuits.

12) Plaintiffs, Antonio Richards, is an individual and a detainee currently housed in the Wayne County jail (Inmate No. 20190Z1238) He has filed zero previous 42 USC 1983 lawsuits.

(3)

13) Plaintiff, Shardon Groom, is an individual, and a detainee currently housed in the Wayne County Jail. (Inmate No. 2020-0-1178) He has filed zero previous 42 USC 1983 lawsuits.

14) Plaintiff, Raekwon Fowler, is an individual, and a detainee currently housed in the Wayne County Jail. (Inmate No. 2020006158)

(All Plaintiffs was at all relevant times considered A "Person confined to An institution" As the term is defined in 42 USC §§ 2000 cc et. sequ.)

Def's Sued in their individual capacities

15) Upon information and belief, Defendant Raphael Washington is the sheriff of the Wayne County jail. He is (At all times) the ultimate decision maker. Because he was/is personally involved each of Plaintiff's claims. He is being sued in his individual and official capacities.

16) Def. Allen, is (At all times) the jails commander. She is the ultimate Co-decision maker with Authority to institute jail policies, movement as protocol, as well as enforce them. She is being sued in her individual and official capacity.

17) Def. Robert Dunlap chief of jails, is the co-decision maker with Authority to institute, enforce and make jail policies, movement and protocol. The Def is being sued in his individual and official capacity. (4)

## Factual Background

This is a 42 USC 1983 Civil Action brought by a group of detainees currently confined in the Wayne County Jail.

Since the start of 2020 and plague of the Covid-19 Pandemic Wayne County Jail halted all in-person visitation and suspended outside/inside recreation the only chance of a breath of fresh air and chance to stay agile, healthy and in shape.

However, After getting a hold of the Virus around the nation and in the jail, vaccines being pushed out including in the jail, Thank God, we began to see the numbers of deaths and contractions fall, and a sense of a new normal. Elizabeth Hertel of the Michigan Department of Health and Human Services Director (MDHHS) on June 22nd, 2021 rescinded the mask and social gathering orders.

Nevertheless, the Defendants began to inflict undu pain and a form of punishment on the Plaintiffs leaving lockdown protocols in place. For two years now the Plaintiffs have and Currently are still being confined to their cell/rock and haven't been able to breathe any fresh air or go to recreation to exercise.

(5)

, And Manage their Health. This is troublesome as the Center for Disease Control ("CDC") has warned that one overweight and with a BMI Over 30. Are likely to get seriously ill or a possibility of Death See Https://www.cdc.gov/coronavirus/2019.Ncov/science/science-briefs/undelying-evidence-table.html

It is also well-Known in the epidemic logical community that jails are "associated with high transmission probabilities for infectious disease." See Joseph A Bick (2007), Infections in Jails and Prisoners, Clinical Infectious Diseases 45(8): 1047-1055, At https://Doi.org/10.1086/521910 the World Health Organization has stated regarding Covid-19, that the "fatality rate is high in men. See www.worldmeters.info.

Due to denial of Recreation and being confined to cell Plaintiffs have gained an excessively amount of weight, take Plaintiff Lofton For example - Since being confined to cell has gained Approximately two hundred pounds and is steadily gaining due to a denial of recreation
Further, Plaintiff Graham has gained a hundred and twenty pounds since locked down and being deprived of Recreation. Every plaintiff has been deprived of the opportunity for months or years to properly manage their health and B.M.I. by experts and is currently at risk. All Doctors advise: Fresh air and a regular work out routine    (6)

will help combat Covid scares. All plaintiffs suffer from back pain and aches being confined to a flimsy mat on a thin piece of steel. These unjust violations have caused a deterioration of muscle mass in plaintiff as well as plagued and is wearing on their psychological health, a true hardship plaintiffs are suffering. All Plaintiffs suffer from breathing, stuffy and/or congested nose problems due to the deprivation of air and lack of open window or proper ventilation.

Many Plaintiffs blood pressure and sugar has flared up, or haven't been able to be managed/beat due to the denial of recreation. At the passage of the first step Act it was hailed on the floor of Congress. You can Judge a nation by how it treats its prisoners. Leaving the question to be asked is this Horrible conditions fair? Or how those who are presumed Innocent and Haven't been convicted should be treated?

More disturbingly, the Defendants have and currently are inflicting punishment on Plaintiffs by denying visitation. Plaintiff haven't seen their families in person since covid-19 reared its ugly head. All Plaintiffs ranging from a year to two years have gone without seeing their loved one's. Some even after being hospitalized or inflicted with Covid.

It has long been noted how family ties and intimate Association aid in the well-being,

(7)

Rehabilitation, mental health and and halt of violence and protection of an facility/institutions custodians.

Notably the Michigan Department of Corrections restored visits A year ago to convicted prisoners. After inserting plexiglass in the visiting room to protect the spread of the virus. Indeed, visits in the jail are already non contact and behind a glass so fear of the spread of Covid can't be a justification, nor staffing An issue as floor officers run the visits. Hence, Plaintiffs can only go off what Deputies in the Jail say the continued shutdown of visits are Punishment for committing a crime.

## Violation of Rights

The Def's violated Plaintiffs Constitutional rights, a violation of the Eighth Amendment Cruel and unusual punishment clause, In addition a violation of Plaintiffs 1st Amendment rights to intimate Association. 14th Amend Violation!

## 8th Amend Claim(s)

The Defendants denial of Plaintiffs right to outside Recreation/fresh air violates the 8th Amendment rights, And 14th Due process Clause. (8)

## Fourteenth Amend Claim

inflicting Plaintiffs with cruel and unusual punishment. The Eight Amendment Prohibits "Punishment" on pretrial Detainees 14th violation! Defs violated visiting policy — Created liberty interest.

## First Amendment claim

Def's violated Plaintiffs first Amendment right to familial/intimate Association. They restricted visits as a punishment from Plaintiffs for over a year or two in some cases. 14th violation!

## Exhaustion of Administration Remedies

Plaintiffs maintain that they have exhausted All administrative remedies; therefore, Plaintiffs claims are properly exhausted.

## Relief Sought

(A) Plaintiffs seek punitive Damages totaling $50,000 from each defendant. Totaling $150,000 in Punitive Damages. Plaintiffs seeks compensatory Damages of $100,000 from each Defendant. Totaling $300,000 in Damages plus the immediate opening of in-person visitation and running of outside recreation.

(9)

## Jury Demand

Now Comes, Plaintiffs, in Pro-SE. and hereby demand a trial by jury in the above reference cause of action.

    Plaintiffs certify (verify of state) Under the Penalty of perjury that the forgoing is true and Correct. 28 U.S.C. 1746, 18 U.S.C. 1621.

Executed on (Date): 6/11/22

*Signature*
Mr. Darrell R. Ewing

Executed on (Date): 6/11-22

*Signature*
Mr. Lamont Lofton

Executed on (Date): 6/11/22

*Signature*
Mr. Roderick Graham

Executed on (Date): 6/11/22

*Signature*
Mr. Antoine Bowman

Executed on (Date): 6/11/22

*Signature*
Mr. Jaronkee Wiley

Executed on (Date): 6/11/22

*Signature*
Mr. Queoshawn Littlejohn

(10)

Executed on (Date): 6/11/22          _____
                                      Signature
                                      Mr. Leondius Kirksey

Executed on (Date): 6/11/22          _____
                                      Signature
                                      Mr. Cullen Clemons

Executed on (Date):                   _____
                                      Signature
                                      Mr. Antonio Richards

Executed on (Date): 6/11/22          _____
                                      Signature
                                      Mr. Shanden Green

Executed on (Date): 6/11/22          _____
                                      Signature
                                      Mr. Raekwon Fowler

<a><p></p></a>

