UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARELL R. EWING, et al.,

        Plaintiffs,

v.

Case No.  2:22-cv-11453
Honorable Sean F. Cox

WAYNE COUNTY SHERIFF, et al.,

        Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case under 42 U.S.C. § 1983. Plaintiffs are eleven current and former inmates confined at the Wayne County Jail in Michigan. Plaintiffs' amended complaint asserts constitutional violations concerning unlawful jail conditions caused by COVID-19 policies, interference with access to mail, and speedy trial rights. Defendants are Wayne County Sherriff Raphael Washington, Wayne County Chief of Jails Robert Dunlap, Wayne County Jail Commander Allan, Wayne County Services Boyer, Third Judicial Circuit Court Administrator Richard Lynch, Third Judicial Circuit Court Executive Administrator Zenell Brown, and Third Judicial Circuit Court Judge Timothy Kenny. Plaintiffs seek monetary damages and injunctive relief. Because the Court finds that Plaintiffs' claims against the Wayne County Third Judicial Circuit Court defendants are misjoined under Federal Rule of Civil Procedure 20(a)(2), the Court will dismiss these claims and defendants without prejudice.

**I. Background**

On June 23, 2022, Plaintiffs filed this prisoner civil rights action against Wayne County Jail officials Dunlap, Allan, and Boyer. In the original complaint, Plaintiffs alleged that defendants

continue to implement unlawful, restrictive lockdown policies in response to COVID-19. Particularly, Plaintiffs alleged that the jail discontinued all in-person prisoner visitation and suspended outside and inside recreation time in response to the COVID-19 pandemic. They further allege that the jail has unlawfully continued to enforce lockdown protocol even though the COVID-19 vaccine has reduced death rates and the spread of the virus. Plaintiffs allege that these lockdown protocols violate their Eighth and Fourteenth Amendment rights. Plaintiffs further allege that their First Amendment right to association has been unconstitutionally chilled by the lockdowns.

On August 12, 2022, Plaintiffs filed their sixth amended complaint, which the Court accepted as the operative complaint. Plaintiffs added speedy trial and access to mail claims, and added Third Judicial Circuit Court Administrator Richard Lynch, Third Judicial Circuit Court Executive Administrator Zenell Brown, and Third Judicial Circuit Court Judge Timothy Kenny as defendants. In the amended complaint, Plaintiffs allege that their prolonged confinement violates their Sixth Amendment right to a speedy trial and that their unlawful, continued confinement is a result of the Third Judicial Circuit Court's COVID-19 policies. Plaintiffs request monetary damages and injunctive relief.

## II. Discussion

Because Plaintiffs' complaint involves multiple claims and multiple defendants, the issue of misjoinder arises. Fed. R. Civ. P. 21 provides this Court with the authority to sua sponte dismiss or sever parties and claims in a civil action due to misjoinder. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  *See also Safeco Ins. Co. of Am. v. City of White House, Tenn.,* 36 F.3d 540, 545, n. 1 (6th Cir. 1994) ("Parties may be dropped . . . by order of the court . . . at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free reign to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1248, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F.Supp.2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report).  Prisoners should not be allowed to proceed with multiple defendant litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions or the PLRA's three strikes provision.  *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

Federal Rule of Civil Procedure 18 governs the joinder of claims and Federal Rule of Civil Procedure 20 governs the permissive joinder of parties.  Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Rule 20(a)(2) addresses when multiple defendants may be joined in one action.  It provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

3

Fed. R. Civ. P. 20(a)(2).  When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18.  *Proctor*, 661 F. Supp. 2d at 778.  Thus, when joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met.

In this case, Plaintiffs do not meet the two-part test of Rule 20(a)(2) for the joinder of multiple defendants.  Plaintiffs' claims against the Third Judicial Circuit Court defendants, which primarily concern speedy trial violations, do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against the Wayne County Jail defendants.  The two sets of claims concern different facts, different legal standards, different defendants, and different venues.  Given such circumstances, the Court finds that joinder of the multiple claims and multiple defendants in one civil rights action is inappropriate.

The remaining question is whether severance or dismissal of the mis-joined parties and claims is warranted.  As discussed, Federal Rule of Civil Procedure 21 gives the Court discretion to invoke either remedy "on just terms."  Several federal courts have interpreted "on just terms" to mean "without gratuitous harm to the parties."  *See Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases).  Given that no harm to the parties is apparent from the record, the Court finds that dismissal, rather than severance, of those claims and those defendants is the more appropriate course of action.  Accordingly, the Court shall dismiss the speedy trial claims and the Third Judicial Circuit Court defendants based upon misjoinder.

### III.   Conclusion

Having conducted review under Federal Rule of Civil Procedure 21**,** the Court determines that the Third Judicial Circuit Court defendants, and claims against them, are **DISMISSED** from the case without prejudice to Plaintiffs re-filing a separate complaint against these defendants in a separate action.  The Clerk is therefore directed to terminate these defendants.

Further, the Court has permitted five of the Plaintiffs to proceed *in forma pauperis*. The Court, therefore, **ORDERS** the United States Marshal to serve the appropriate papers in this case on defendants without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiffs after effecting service.

The Court **ORDERS** Plaintiffs to serve a copy of all future documents on defendants or on defense counsel if legal counsel represents defendants. Plaintiffs shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiffs mailed a copy of the original document to defendants or defense counsel. The Court will disregard any paper received by a District Judge or Magistrate Judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

**IT IS SO ORDERED.**

Dated: April 26, 2023

s/Sean F. Cox
Sean F. Cox
U. S. District Judge